# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DICHONDRA V. BOWDEN,
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
SF-1221-18-0323-W-1

DATE: April 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dichondra V. Bowden</u>, Moreno Valley, California, pro se.

<u>Thomas L. Davis</u>, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and, except as expressly MODIFIED to expand the administrative judge's analysis as to why the appellant failed to prove that her August 17, 2015 email was a contributing factor in her removal and to correct the administrative judge's analysis as to why the agency met its burden of proving that it would have taken the same personnel action absent any protected disclosures, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Nursing Assistant at the agency's Community Living Center in Loma Linda, California. Initial Appeal File (IAF), Tab 1 at 6, Tab 11 at 22. On August 17, 2015, the appellant emailed the Medical Center Director and an Equal Employment Opportunity (EEO) representative describing inappropriate conduct of her supervisor and coworkers, including that they were leaving work early, coming in late, taking extended lunches, doing homework instead of working, and not properly attending to the residents. IAF, Tab 6 at 60. On October 9, 2016, the appellant again emailed the Medical Center Director, describing an incident in which a fellow nurse attacked her. IAF, Tab 11 at 60-61. She claimed that she no longer felt safe working with this nurse. *Id*. On November 12, 2016, the appellant forwarded her October 2016 email to the Medical Center Director and added that she had been facing harassment and

retaliation at work. *Id.* at 60. She further described the inappropriate behavior of coworkers, such as that they talked on their phones, watched movies, did homework instead of working, took 1.5 hour lunches, and did not attend to residents in a timely manner. *Id.* The Medical Center Director responded saying that she would look into the concerns. *Id.*

On June 26, 2017, the agency proposed the appellant's removal for 294.5 hours of absence without leave (AWOL) between January 23 and May 22, 2017, and her failure to follow proper leave requesting procedures on May 22 and April 17, 2017. IAF, Tab 10 at 15-18. On July 26, 2017, the Medical Center Director sustained the charges in the proposal and affirmed the removal. *Id.* at 35-37.

Prior to the issuance of the removal decision, on July 17, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency proposed her removal in retaliation for whistleblowing. IAF, Tab 9 at 2-8. She later amended her OSC complaint to include the agency's removal decision. IAF, Tab 15 at 1-2 & n.1. The appellant alleged that she made protected disclosures in her August 17, 2015, October 9, 2016, and November 12, 2016 emails. IAF, Tab 10 at 33. On February 23, 2018, OSC issued two closeout letters to the appellant, and informed her that she could seek corrective action from the Board. *Id.* at 19-20. The appellant subsequently filed this IRA appeal. IAF, Tab 1 at 1, 6.

The administrative judge determined that the appellant had exhausted her administrative remedies with OSC and made nonfrivolous allegations that she engaged in whistleblowing activity by making protected disclosures that were a contributing factor in the agency's decision to remove her. IAF, Tab 15 at 2. A hearing was held on May 30, 2018. IAF, Tab 23, Hearing Compact Disc (HCD). Following the hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 24, Initial Decision (ID) at 1.

The administrative judge found that the appellant's three emails contained protected disclosures, but also found that some of the appellant's disclosures in her November 12, 2016 email were not protected. ID at 4-8. Turning to whether the appellant's disclosures were a contributing factor in the agency's decision, the administrative judge found that the appellant's first disclosure failed to satisfy the knowledge prong of the "knowledge/timing" test because the email addresses to which the appellant sent the August 17, 2015 email were incorrect. ID at 9. Further, the Medical Center Director, who was also the deciding official in the appellant's removal, testified that she did not receive this email due to the appellant's error. *Id.*; HCD, Track 7 at 2:40 (testimony of deciding official). As such, the administrative judge found that the appellant's August 17, 2015 disclosure was not a contributing factor in her removal. *Id.* However, because the deciding official received the second and third email disclosures, and the removal occurred less than 1 year later, the administrative judge found that the appellant met her burden to prove that the other two disclosures were contributing factors in her removal. ID at 9-10.

Finding that the appellant established her prima facie case, the administrative judge turned to whether the agency proved, by clear and convincing evidence, that it would have taken the personnel action in the absence of the protected disclosures. ID at 10-12. In doing so, she analyzed the factors for making such a determination set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). *Id.* In addressing the first *Carr* factor, the strength of the agency's evidence in support of the removal, the administrative judge found that the agency had ample evidence to conclude that the appellant was AWOL for at least 238.5 hours, and that this factor weighed in the agency's favor. ID at 10-11. Regarding the second *Carr* factor, the administrative judge found insufficient evidence to identify a retaliatory animus on the part of the deciding official. ID at 12. She noted the deciding official's testimony that she referred the appellant's allegation of coworker assault for

investigation and assumed the nursing leadership was investigating the other issues raised by the appellant. *Id.* Finally, regarding the third *Carr* factor, the administrative judge found that there was no evidence as to whether the agency took similar actions against similarly situated non-whistleblowers. *Id.* As such, she did not consider the factor further. In weighing the three factors, the administrative judge found that the agency met its burden to show that it would have removed the appellant even in the absence of her whistleblowing activity. *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has replied to the agency's response. PFR File, Tabs 4-5.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

The parties have not disputed the administrative judge's finding of Board jurisdiction, and we see no reason to disturb it. IAF, Tab 15 at 2; ID at 1. To prevail on the merits of an IRA appeal, an appellant must meet her initial burden of proving by preponderant evidence that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 8.

---

[2] In her reply, the appellant presents new arguments. PFR File, Tab 5 at 1-5. For example, she argues that the agency constructively suspended her, disputes some of the agency's AWOL specifications, disputes the penalty of removal, and alleges constitutional and procedural errors. *Id.* She also attaches documents to her reply. We decline to consider these new arguments and the attachments. Under 5 C.F.R. § 1201.114(a)(4), a reply is limited to the factual and legal issues raised in the response to the petition for review and may not raise new allegations of error. *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015). The agency limited its response to addressing the issues the appellant raised in her petition for review. PFR File, Tab 4 at 6. Thus, her new arguments and evidence are not a basis to grant review.

<u>The administrative judge properly identified the protected disclosures and personnel actions at issue in this appeal.</u>

On review, neither party disagrees with the administrative judge's findings that the appellant's August 17, 2015 and October 9, 2016 emails were protected. ID at 5-7. They also do not challenge her determination that the appellant's November 12, 2016 email was protected in part. ID at 7-8. We decline to disturb these findings on review.

The appellant appears to raise additional disclosures and activities on review. PFR File, Tab 1 at 3-4. For example, she references disclosures made to various persons on March 7, March 28, and November 7, 2014. *Id.* She also appears to raise new personnel actions on review, including that the agency wrote her up for 9.25 hours of AWOL and failed to remedy an alleged hostile work environment created by her coworkers. PFR File, Tab 1 at 4, 6-7; IAF, Tab 10 at 87-89. The appellant raised only some of these matters below, specifically, her November 7, 2014 alleged disclosure and her hostile work environment claim. IAF, Tab 6 at 4-6, 8-9, Tab 17 at 1. Further, she has not shown that she exhausted any of these matters with OSC. IAF, Tabs 7, 9, 10 at 20. Thus, we decline to consider these claims on review. *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (finding that the Board's jurisdiction over an IRA appeal is limited to matters an appellant raised with OSC (citation omitted)); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that an argument raised for the first time in a petition for review will not be considered absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).[3]

---

[3] The appellant also cites these additional disclosures as evidence that the deciding official had knowledge of the content of her disclosures for purposes of demonstrating that they were a contributing factor in her removal. PFR File, Tab 1 at 3. This argument appears to misunderstand that the administrative judge found that the appellant proved contributing factor regarding two of the three disclosures raised below. ID at 9-10. To the extent that she is arguing that these previously unraised disclosures demonstrate knowledge of her August 17, 2015 disclosure, we decline to consider it on review. *Banks*, 4 M.S.P.R. at 271. Moreover, this argument in no way demonstrates

<u>We agree with the administrative judge's finding that the appellant did not prove that her August 17, 2015 email was a contributing factor in her removal, as modified.</u>

The administrative judge found that the appellant failed to prove that the individual who proposed her removal was aware of her disclosures or that those disclosures were a contributing factor in her proposed removal. ID at 10. The administrative judge also found that the latter two of the three disclosures made by the appellant were contributing factors in her removal. ID at 9-10. The parties do not dispute these findings, and we see no reason to disturb them on review.

As to the first disclosure, the August 17, 2015 email, the administrative judge found that, because the recipients' email addresses were incorrect, they had no knowledge of the disclosure. ID at 9. She additionally found that, although the appellant claimed to have verbally told one of the recipients, the EEO representative, about her disclosure, the appellant admitted that she did not go into any detail in her verbal complaint. *Id.* Additionally, the administrative judge observed that this individual was not involved in the appellant's removal and the appellant did not allege that he influenced either the proposing or deciding official in the matter. *Id.*

On review, the appellant submits documents regarding her August 17, 2015 email, apparently in an attempt to prove that it was, in fact, delivered to its intended recipients. PFR File, Tab 1 at 9-12, 14-15. She asserts that the EEO representative had knowledge of her August 17, 2015 disclosure because that individual was involved in and present at her EEO mediation, at which the appellant "acknowledged" the disclosure. *Id.* at 3-4.

A protected disclosure is a contributing factor if it in any way affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). An employee can demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence,

_____

that the deciding official had knowledge specifically of the August 17, 2015 email.

such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant may also satisfy the knowledge prong of this knowledge/timing test by proving that the official taking the action had constructive knowledge of the disclosure, even if she did not have actual knowledge. *Id.*, ¶ 11. An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

Here, the administrative judge credited the testimony of the deciding official that she never received the appellant's August 17, 2015 email. ID at 9. Apparently to dispute this finding, the appellant has submitted a printout from her personal email account, reflecting that she forwarded the email to herself on October 26, 2016, and she "received" it on the same date. PFR File, Tab 1 at 9-10. We decline to consider this evidence on review. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Here, the appellant's evidence was available before the record closed at the end of the hearing on May 30, 2018. IAF, Tab 16 at 1; HCD; *see* 5 C.F.R. § 1201.59(a) (providing that, if there is a hearing, the record ordinarily will close at its conclusion). Even if we were to consider this evidence, it does not show that the August 17, 2015 email was successfully delivered to anyone but the appellant. PFR File, Tab 1 at 9-12, 14-15. Thus, it does not provide sufficiently sound reasons to disturb the administrative judge's implicit demeanor-based credibility finding that the deciding official credibly denied knowledge of the disclosure. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly

or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (requiring that the Board give "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed.").

We also disagree with the appellant's argument regarding the EEO representative and any subsequent involvement he had in the appellant's mediation. The administrative judge found that the appellant did not prove that the EEO official had knowledge because the appellant testified that she did not provide him with any details regarding the disclosure. ID at 9. Even if we were to consider what appears to be new evidence on review regarding the EEO official's knowledge of the appellant's disclosure, the appellant still has not offered any specific details to suggest that she provided him with sufficient information to qualify her statements as protected. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016) (explaining that disclosures must be specific and detailed, not vague allegations of wrongdoing). Perhaps more importantly, she has not disputed the administrative judge's finding that she failed to show that the EEO representative was involved in her removal. ID at 9. Thus, we discern no reason to disturb the administrative judge's findings that the deciding official did not have actual or constructive knowledge of the appellant's August 17, 2015 disclosure. *Id.*

The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether they had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15. The administrative judge's initial decision did not address the alternative to

the knowledge/timing test set forth in *Dorney*. ID at 8-10. Because the record is fully developed, we modify the initial decision to consider this alternative on review. Nonetheless, we still find that the appellant did not establish contributing factor as to the August 17, 2015 email.

As explained in more detail below, the agency put forth strong evidence, in the administrative record and at the hearing, establishing that the agency removed the appellant because she was in an AWOL status for over 200 days. IAF, Tab 10 at 106-113. Although the appellant showed that her disclosure was directed at the deciding official, there is no evidence suggesting that the deciding official was aware of the August 17, 2015 email or that she had a desire or motive to retaliate against the appellant based on its contents. The only person the appellant has proven successfully received the email was herself. PFR File, Tab 1 at 9-12, 14-15; HCD, Track 7 at 2:40 (testimony of the deciding official). Accordingly, we modify the initial decision to find that, even considering evidence other than the knowledge/timing test, the appellant failed to meet the contributing factor standard as to the August 17, 2015 email.

<u>We agree with the administrative judge's finding that the agency proved by clear and convincing evidence that it would have removed the appellant absent her whistleblowing disclosures, as modified.</u>

The administrative judge found that the agency had ample evidence to conclude that the appellant was AWOL for at least 238.5 hours, and that this factor weighed in the agency's favor. ID at 10-11. She further found insufficient evidence to find a retaliatory animus on the part of the deciding official. ID at 12. Finally, she found no evidence as to whether the agency took similar actions against similarly situated non-whistleblowers. *Id*.

When an appellant meets her burden to establish by preponderant evidence that her protected disclosure was a contributing factor in the challenged personnel action, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the

appellant's whistleblowing. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 6. Clear and convincing evidence is that measure of degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. *Id.*, ¶ 9 n.3. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action, (2) the existence and strength of any motive to retaliate on the part of the agency, and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323.

In an apparent challenge to the strength of the agency's evidence in support of the removal, the appellant cites a union contract for the proposition that AWOL is not supposed to be used for disciplinary reasons. PFR File, Tab 1 at 8; IAF, Tab 6 at 8, 67. The provision cited by the appellant states that "[n]o approved leave or approved absence will be a basis for disciplinary action." IAF, Tab 6 at 67. However, there is nothing in the record to demonstrate that the appellant's AWOL was an "approved absence," so this provision has no bearing on this case.

The appellant appears to further challenge the strength of the agency's evidence in support of the removal by pointing out that she was allowed to use leave without pay instead of AWOL in the past. PFR File, Tab 1 at 5; IAF, Tab 6 at 7, 14-27. Although the appellant alleges on review that in December of 2006, she was not disciplined for AWOL, the record reflects that more recently the agency had taken such action. PFR File, Tab 1 at 5. On September 11, 2015, the agency issued a letter of reprimand for the appellant's numerous instances of AWOL and one instance of failure to follow leave requesting procedures. IAF, Tab 10 at 87-91. Likewise, on May 13, 2016, the agency suspended the appellant for 7 days for numerous instances of AWOL and failure to follow leave request procedures. *Id.* at 93-98. As such, we agree with the administrative judge's

analysis that the first *Carr* factor weighed in favor of the agency.[4] *See Soto*, 2022 MSPB 6, ¶ 13 n.4 (explaining that in a chapter 75 adverse action appeal the agency's proof of its charges may lend support to a finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected whistleblowing). The appellant does not otherwise challenge the administrative judge's findings regarding the *Carr* factor analysis.

We take this opportunity to modify the administrative judge's findings with regard to the second and third *Carr* factors. We find that the administrative judge took an overly restrictive view in finding that the deciding official had no motive to retaliate. The administrative judge's analysis failed to consider the fact that the deciding official, as the Medical Center Director, was seemingly responsible for the conduct and behavior of subordinate nurses. Given that the appellant's disclosures alleged inappropriate conduct on the part of those nurses, these disclosures could have reflected poorly on the deciding official and the overall quality of care those nurses provided under the deciding official's management. *See Smith v. Department of the Army*, 2022 MSPB 4, ¶ 29 (finding that the managers who proposed and decided not to select an appellant for a vacancy had some motive to retaliate because the appellant's disclosures reflected on them as representatives of the general institutional interests of the agency, which is sufficient to establish a retaliatory motive). Accordingly, this factor should have weighed, at least to some degree, in the appellant's favor.

As for the third *Carr* factor, the administrative judge found no evidence of whether the agency took similar action against similarly situated non-whistleblowers. ID at 12. Although the deciding official's analysis of the

---

[4] In addition to the evidence demonstrating that the appellant was AWOL for at least 238.5 hours, the agency's table of penalties denotes that the third offense of unexcused or unauthorized absence is punishable by up to removal. IAF, Tab 10 at 53. The removal at issue in this appeal represents the appellant's third offense for such conduct. *Id.* at 87-98 (setting forth the appellant's reprimand and 7-day suspension for absence-related charges).

*Douglas* factors contains reference to three other Medical Center employees being removed based on similar charges to those of the appellant, the record is silent as to whether or not these employees were whistleblowers. IAF, Tab 11 at 6; *see Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018) (finding that *Carr* factor three only concerns non-whistleblowers and the treatment of similarly situated whistleblowers has no bearing on that factor). While the administrative judge found that this factor was, effectively, neutral, we are not persuaded. ID at 12. It appears the agency was aware of these potential comparators but failed to produce evidence as to whether they were whistleblowers. While the agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, the U.S. Court of Appeals for the Federal Circuit has held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," but that the failure to produce such evidence if it exists "may be at the agency's peril," and "may well cause the agency to fail to prove its case overall." *Soto*, 2022 MSPB 6, ¶ 18 (quoting *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374-74 (Fed. Cir. 2012)). Here, we find that the absence of any evidence on *Carr* factor 3 cuts "slightly against the Government." *See Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (reaching the same conclusion when the agency produced evidence that there were no similarly situated nonwhistleblowers under the allegedly retaliatory official, but did not present evidence as to agency practices more broadly).

Nonetheless, based on our analysis of the *Carr* factors, we agree with the administrative judge that the agency met its burden to prove by clear and convincing evidence that it would have removed the appellant absent her disclosures. Although there may have been some motive to retaliate against the appellant on the part of the deciding official and an absence of evidence regarding nonwhistleblowers, we find that the evidence in support of the action outweighed any such motive. The Board does not view the *Carr* factors as discrete elements,

each of which the agency must prove by clear and convincing evidence. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 43. Rather, the Board will weigh the factors together to determine if the evidence is clear and convincing as a whole. *Id.* The appellant's extensive improper AWOL coupled with the prior discipline for similar conduct strongly supports the agency's decision. On the other hand, the minimal evidence of a retaliatory motive and the absence of any evidence regarding nonwhistleblowers cuts slightly against the Government and only minimally detracts from the agency's evidence overall. Thus, considering the evidence as a whole, *Carr* factors 2 and 3 are insufficient to overcome the weight of *Carr* factor 1.

On review, the appellant additionally references the agency's failure to grant her request for a reasonable accommodation to transfer to another unit. PFR File, Tab 1 at 4-6; IAF, Tab 1 at 6. To the extent the appellant is claiming that her removal was the result of disability discrimination, the Board lacks jurisdiction over this claim in the context of her IRA appeal. *See Maloney v. Executive Office of the President, Office of Administration*, 2022 MSPB 26, ¶ 40.

For the reasons stated above, we DENY the appellant's petition for review and AFFIRM the initial decision except as expressly modified above.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.